ILLINOIS CENTRAL RAILROAD Co. *v.* JOHN T. SCRUGGS.

COMMON CARRIER.   *Live-stock.   Exemption under special contract.*

    A common carrier of live-stock may, by special contract, stipulate with the shipper for immunity from liability for injuries caused by the animals being wild, unruly, weak, or of different sizes or classes, or maiming each other or themselves.

FROM the circuit court of Montgomery county.
HON. C. H. CAMPBELL, Judge.

Appellee, Scruggs, shipped a car-load of horses from San Antonio, Texas, via New Orleans, La., to Winona, Miss. They were carried under an ordinary stock contract, signed by the appellee and by the agent of the initial carrier. This contract stipulated, that, in consideration of reduced freight rates, the shipper assumed all risk of injury which the animals might receive in consequence of "overcrowding in the car, or in consequence of any of them being wild, unruly or weak, or of different ages and classes, or maiming each other or themselves, or in consequence of heat or suffocation, . . . or any other cause or thing not resulting from negligence, under the terms of the contract, of the agents and employes of the company."

It was also provided that the shipper should feed, water, and attend to the stock while on the cars or in the stockyards along the route, and should load and unload them at his own expense and risk.

The car was received by the Illinois Central Railroad Company at New Orleans, and thence transported, with no unusual delay, to Winona, Miss. Several of the horses were down in the car when it reached New Orleans; but they were unloaded there, fed and watered, and proceeded on their journey in good condition, as plaintiff testified, with one exception. At several places along the route, however, horses were discovered down in the car, and several died be-

fore reaching Winona, and several others were seriously injured; and it is to recover for the damage thus sustained that plaintiff has brought this action.

It is not deemed necessary to set out the evidence relative to the treatment of the stock along the route, since the court finds, as a fact, from all the evidence, that the injury to the horses was self-inflicted, and thus arose from one of the excepted causes mentioned in the special contract.

On the trial the court gave for plaintiff the following among other instructions:

"1. Where property is delivered to a common carrier, the law implies that it shall be delivered at the place of destination within a reasonable time, and in as good condition as received. Nothing relieves from this obligation except the act of God, the public enemy or the act or conduct of the owners."

"4. Where goods shipped over connecting lines, are delivered to the consignee in a damaged condition, and it is proven they started on their journey in good condition, the carrier thus delivering them to the consignee will be liable for the damage, unless it is shown that the injury did not occur through its fault."

There was a verdict and judgment for plaintiff. Motion for new trial overruled, and defendant appealed.

*Mayes & Harris*, for appellant.

The law of this case is fully covered by *L., N. O. & T. Ry. Co.* v. *Bigger*, 66 Miss., 319. Even without the special contract, the defendant was not liable for the damages sustained.

The first instruction for plaintiff is erroneous. It entirely ignores the injuries which the animals may have inflicted on each other. The special contract expressly stipulated against liability for such injuries. The verdict is wholly unsupported by any evidence.

No counsel for appellee.

COOPER, J., delivered the opinion of the court.

The court erred in giving the first instruction for the plaintiff, and the fourth is of doubtful application, under the circumstances of this case.

The horses of the plaintiff were being carried under a special contract, by which the common law liability of the carrier as an insurer was stipulated against, as might lawfully be done. Notwithstanding this, the jury was told by the first instruction that nothing would relieve the carrier from his obligation to carry and deliver safely except the act of God, the public enemy or the act or conduct of the owner. This instruction denied to the carrier the immunity stipulated for by the contract of shipment, for injuries arising "in consequence of any of them [the horses] being wild, unruly or weak, or of different ages and classes, or maiming each other or themselves." It is manifest from the evidence that the injuries sustained by the animals resulted from self-inflicted wounds, and the carrier fully exonerated itself from liability, under the decision in the case of *Chicago Railroad Co.* v. *Abels,* 60 Miss., 1017.

The car in which the horses were transported was the same in which they had been carried by the connecting line, and, so far as the record discloses, was a safe and suitable one. It is true the plaintiff testified that he made some objection to the car, because the slats were too far apart, but it is not shown or suggested that this supposed defect contributed at all to the injury of the animals. The question is not whether the plaintiff said that the slats were too far apart, but whether, in fact, they were, and, because they were, that the injuries were, or might have been, inflicted. The transportation is shown to have been prudently and speedily made, with all reasonable opportunity for feeding and resting the animals, which opportunities were fully availed of.

The first instruction should not have been given, and the verdict, when rendered, should have been set aside as opposed to the clear preponderance of the evidence.

*Judgment reversed.*